

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WI-LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> ACER, INC., ACER AMERICA CORPORATION, APPLE, INC., DELL, INC., GATEWAY, INC., HEWLETT-PACKARD COMPANY, LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., SONY CORPORATION, SONY CORPORATION OF AMERICA, SONY ELECTRONICS, INC., SONY COMPUTER ENTERTAINMENT AMERICA, INC., TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., BROADCOM CORPORATION, INTEL CORPORATION, ATHEROS COMMUNICATIONS, INC, MARVELL SEMICONDUCTOR, INC., BEST BUY CO., INC., and CIRCUIT CITY STORES, INC. <br><br> Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 2-07CV-473 <br><br> JURY TRIAL REQUESTED |

## ORIGINAL COMPLAINT

Plaintiff Wi-LAN Inc ("Wi-LAN") files this Original Complaint for patent infringement against Defendants Acer, Inc., Acer America Corporation ("Acer"), Apple, Inc ("Apple"), Dell, Inc ("Dell"), Gateway, Inc ("Gateway"), Hewlett-Packard Company ("Hewlett-Packard"), Lenovo Group Ltd., Lenovo (United States) Inc ("Lenovo"), Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., Sony Computer Entertainment America, Inc. ("Sony"), Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc. ("Toshiba") (collectively

"Defendant Suppliers"), Broadcom Corporation ("Broadcom"), Intel Corporation ("Intel"), Atheros Communications, Inc. ("Atheros"), Marvell Semiconductor, Inc ("Marvell"), Best Buy Co., Inc. ("Best Buy"), and Circuit City Stores, Inc. ("Circuit City"), for infringement of U.S. Patent No. 5,282,222 (the "'222 Patent") and U.S. Patent No. RE37,802 (the "'802 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271. Copies of the Patents-in-Suit are attached as Exhibits A and B.

## PARTIES

1. Plaintiff Wi-LAN Inc is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

2. Upon information and belief, Defendant Acer, Inc., is a Taiwanese Corporation with its principal place of business at 8F, 88, Sec 1, Hsin Tai Wu Rd., Hsichih 221, Taiwan. Upon information and belief, Defendant Acer America Corporation is a California Corporation with its principal place of business at 2641 Orchard Pkwy., San Jose, CA 95134. Acer manufactures for sale and/or sells personal computers and/or other Acer-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Defendants Acer, Inc. and Acer America Corporation are commonly owned by the same corporate entity and are alter egos and/or agents of one another. Acer may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

3. Upon information and belief, Defendant Apple is a California Corporation with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014. Apple

manufactures for sale and/or sells personal computers and/or other Apple-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Apple may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

4. Upon information and belief, Defendant Dell is a Delaware Corporation with its principal place of business at 1 Dell Way, Round Rock, TX 78682-2222. Dell manufactures for sale and/or sells personal computers and/or other Dell-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Dell may be served with process by serving its registered agent, Corporation Service Company at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5. Upon information and belief, Defendant Gateway is a Delaware Corporation with its principal place of business at 7565 Irvine Center Dr., Irvine, CA 92618. Gateway manufactures for sale and/or sells personal computers and/or other Gateway-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Gateway may be served with process by serving its registered agent, CT Corporation System at 818 West Seventh Street, Los Angeles, California 90017.

6. Upon information and belief, Defendant Hewlett-Packard is a Delaware Corporation with its principal place of business at 300 Hanover St., Palo Alto, CA 94304. Hewlett-Packard manufactures for sale and/or sells personal computers and/or other Hewlett-Packard-branded products with wireless capability compliant with the

IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Hewlett-Packard may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

7. Upon information and belief, Defendant Lenovo Group Ltd. is a Hong Kong Corporation with its principal place of business at 1009 Think Place, Bldg. 500, Box 29, Morrisville, NC 27560. Upon information and belief, Defendant Lenovo (United States) Inc. is a Delaware Corporation with its principal place of business at 1009 Think Place, Bldg. 500, Box 29, Morrisville, NC 27560. Lenovo manufactures for sale and/or sells personal computers and/or other Lenovo-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Defendants Lenovo Group Ltd. and Lenovo (United States) Inc. of North America are commonly owned by the same corporate entity and are alter egos and/or agents of one another. Lenovo may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

8. Upon information and belief, Defendant Sony Corporation is a Japanese Corporation with its principal place of business at 7-35 Kitashinagawa 6-Chome Shinagawa-KU, Tokyo 141 Japan. Upon information and belief, Defendant Sony Corporation of America is a New York Corporation with its principal place of business at 555 Madison Ave. 8th Floor, New York, NY 10022. Upon information and belief, Defendant Sony Electronics, Inc. is a Delaware Corporation with its principal place of business at 16450 W. Bernardo Dr., San Diego, CA 92127. Upon information and belief, Defendant Sony Computer Entertainment America, Inc. is a Delaware Corporation with

its principal place of business at 919 E Hillsdale Blvd., Foster City, CA 94404. Sony manufactures for sale and/or sells personal computers and/or other Sony-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Defendants Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., and Sony Computer Entertainment America, Inc. are commonly owned by the same corporate entity and are alter egos and/or agents of one another. Sony may be served with process by serving its registered agent, Corporation Service Company at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

9. Upon information and belief, Defendant Toshiba Corporation is a Japanese Corporation with its principal place of business at 1-1, Shibaura 1-chrome, Minato-ku, Tokyo 105-8001, Japan. Upon information and belief, Defendant Toshiba America, Inc. is a Delaware Corporation with its principal place of business at 1251 Avenue of the Americas Suite 4110, New York, NY 10020. Upon information and belief, Defendant Toshiba America Information Systems, Inc. is a California Corporation with its principal place of business at 9740 Irvine Blvd., Irvine, CA 92618. Toshiba manufactures for sale and/or sells personal computers and/or other Toshiba-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Defendants Toshiba Corporation, Toshiba America, Inc. and Toshiba America Information Systems, Inc. are commonly owned by the same corporate entity and are alter egos and/or agents of one another. Toshiba may be served with process by serving

its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

10. Upon information and belief, Defendant Broadcom is a California Corporation with its principal place of business at 5300 California Ave., Irvine, CA 92617. Broadcom manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Broadcom may be served with process by serving its registered agent, National Registered Agents, Inc. at 2030 Main Street, Suite 1030, Irvine, California 92614.

11. Upon information and belief, Defendant Intel is a Delaware Corporation with its principal place of business at 2200 Mission College Blvd., Santa Clara, CA 95054-1549. Intel manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Intel may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

12. Upon information and belief, Defendant Atheros is a Delaware Corporation with its principal place of business at 5480 Great America Pkwy., Santa Clara, CA 95054. Atheros manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant

6

with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Atheros may be served with process by serving its registered agent, LexisNexis Document Solutions, Inc. at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

13. Upon information and belief, Defendant Marvell Semiconductor, Inc. is a California Corporation with its principal place of business at 5488 Marvell Ln., Santa Clara, CA 95054-3606. Marvell manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Marvell may be served with process by serving its registered agent, CT Corporation System, at 818 West Seventh Street, Los Angeles, California 90017.

14. Upon information and belief, Defendant Best Buy is a Minnesota Corporation with its principal place of business at 7601 Penn Ave S., Richfield, MN 55423. Best Buy offers for sale and/or sells one or more of the Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Best Buy may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

15. Upon information and belief, Defendant Circuit City is a Virginia Corporation with its principal place of business at 9950 Mayland Dr., Richmond, VA

23233 Circuit City offers for sale and/or sells one or more of the Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Circuit City may be served with process by serving its registered agent, Prentice Hall Corporation System, Inc. at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## JURISDICTION AND VENUE

16. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly or through intermediaries (including distributors, retailers, and others), imports, ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas.

19. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b)

## COUNT I: PATENT INFRINGEMENT

20. On January 25, 1994, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '222 Patent, entitled "Method and Apparatus for Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread Spectrum" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '222 Patent and possesses all rights of recovery under the '222 Patent, including the right to recover damages for past infringement.

21. On July 23, 2002, the USPTO duly and legally issued the '802 Patent, entitled "Multicode Direct Sequence Spread Spectrum" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '802 Patent and possesses all rights of recovery under the '802 Patent, including the right to recover damages for past infringement.

22. Each of the Patents-in-Suit is valid and enforceable.

23. Upon information and belief, Acer has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Acer-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

24. Upon information and belief, Apple has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally

and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Apple-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

25. Upon information and belief, Dell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Dell-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

26 Upon information and belief, Gateway has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Gateway-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

27. Upon information and belief, Hewlett-Packard has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Hewlett-Packard-branded products with wireless

capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

28. Upon information and belief, Lenovo has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Lenovo-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

29. Upon information and belief, Sony has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Sony-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

30. Upon information and belief, Toshiba has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Toshiba-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

31. Upon information and belief, Broadcom has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere

by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

32. Upon information and belief, Intel has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

33. Upon information and belief, Atheros has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

34. Upon information and belief, Marvell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally

and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

35. Upon information and belief, Best Buy has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling one or more of the Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

36. Upon information and belief, Circuit City has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling one or more of the Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit

37. Wi-LAN has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from their infringement of the Patents-in-Suit, Wi-LAN will suffer irreparable harm.

38  Many of the Defendants have had knowledge of the Patents-in-Suit and have not ceased their infringing activities. These Defendants' infringement of the Patents-in-Suit has been and continues to be willful and deliberate. All the Defendants have knowledge of the Patents-in-Suit by way of this complaint and to the extent they do not cease their infringing activities their infringement is and continues to be willful and deliberate.

39.  Wi-LAN is in compliance with the requirements of 35 U.S.C. § 287.

40  Defendants, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Wi-LAN prays for the following relief:

A.  A judgment in favor of Wi-LAN that Defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit;

B  A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

C.  Award to Wi-LAN the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement;

E. A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

F. Award to Wi-LAN pre-judgment and post-judgment interest on its damages; and

G. Such other and further relief in law or in equity to which Wi-LAN may be justly entitled.

## DEMAND FOR JURY TRIAL

Wi-LAN demands a trial by jury of any and all issues triable of right before a jury.

DATED: October 31, 2007

                                      Respectfully submitted,

                                      McKOOL SMITH, P.C.

                                      */s/ Sam Baxter*

Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 903-9000
Telecopier: (903) 903-9099

**ATTORNEYS FOR WI-LAN INC.**

Austin 39878v9