## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WI-LAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACER, INC., ACER AMERICA CORPORATION, APPLE, INC., DELL, INC., GATEWAY, INC., HEWLETT-PACKARD COMPANY, LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., SONY CORPORATION, SONY CORPORATION OF AMERICA, SONY ELECTRONICS, INC., SONY COMPUTER ENTERTAINMENT AMERICA, INC., TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., BROADCOM CORPORATION, INTEL CORPORATION, ATHEROS COMMUNICATIONS, INC., MARVELL SEMICONDUCTOR, INC., BEST BUY CO., INC., and CIRCUIT CITY STORES, INC. <br><br> Defendants. | CASE NO. 2:07-CV-473 <br><br> Hon. T. John Ward <br><br> JURY TRIAL |

### DEFENDANT BEST BUY CO., INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Best Buy, Co, Inc., ("Defendant") answers plaintiff Wi-LAN Inc.'s ("Wi-LAN") Original Complaint as follows:

MP3 20258708.1

## **GENERAL DENIAL**

Defendant denies each and every allegation, matter or thing contained in the Complaint which is not expressly admitted, qualified or answered herein.

## **PARTIES**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. The allegations of paragraph 2 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. The allegations of paragraph 3 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. The allegations of paragraph 4 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. The allegations of paragraph 5 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. The allegations of paragraph 6 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7. The allegations of paragraph 7 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. The allegations of paragraph 8 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. The allegations of paragraph 9 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. The allegations of paragraph 10 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. The allegations of paragraph 11 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. The allegations of paragraph 12 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. The allegations of paragraph 13 are not directed to Defendant, and therefore no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14. Defendant admits that it is a Minnesota corporation with its principle place of business in Minnesota. Defendant admits that it may be served with process by serving its

registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201. Defendant denies the remaining allegations of paragraph 14.

15.   The allegations of paragraph 15 are not directed to Defendant, and therefore no answer is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

## JURISDICTION AND VENUE

16.   These allegations set forth legal conclusions to which no response is required. Defendant admits that Wi-LAN's complaint alleges infringement under the United States patent laws.  Defendant denies any remaining allegations in paragraph 16.

17.   Defendant admits that this Court has subject matter jurisdiction over patent law claims.  Consistent with the denial of the allegations of paragraphs 20 and 21 below, on information and belief Defendant denies that Wi-LAN has standing, and accordingly denies that this Court has subject matter jurisdiction over Wi-LAN's patent claims in this particular case and denies any allegations in this paragraph.

18.   Defendant denies that this Court has personal jurisdiction over Defendant.  To the extent the remaining allegations of paragraph 18 are directed at Defendant, they are denied.  To the extent the allegations of paragraph 18 are directed to other entities, Defendant lacks sufficient information to admit or deny the allegations of paragraph 18, and therefore denies them.

19.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

## COUNT 1: PATENT INFRINGEMENT

20.   With respect to the first sentence of paragraph 20, Defendant admits that U.S. Patent No. 5, 282, 222 (the "'222 patent") is entitled "Method and Apparatus for Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread Spectrum," and that

the '222 patent bears an issuance date of January 25, 1994. With respect to the second sentence of paragraph 20, Defendant is without knowledge or information sufficient to form a belief as to whether Wi-LAN is the assignee of rights to the '222 patent and therefore denies the allegations of the second sentence. Defendant denies all other allegations of paragraph 20.

21. With respect to the first sentence of paragraph 21, Defendant admits that U.S. Patent No. RE37,802 (the "'802 Patent") is entitled "Multicode Direct Sequence Spread Spectrum," and that the '802 Patent bears an issuance date of July 23, 2002. With respect to the second sentence of paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to whether Wi-LAN is the assignee of rights to the '802 Patent and therefore denies the allegations of the second sentence. Defendant denies all other allegations of paragraph 21.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendant admits that it has knowledge of the patents in suit by way of this complaint. Defendant denies each and every remaining allegation contained in paragraph 38 directed to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 38 directed to other Defendants and therefore denies them.

39. Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and therefore denies them.

40. Denied.

### PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Wi-LAN to which no response is required. Defendant denies that Wi-LAN is entitled to any of the requested relief and denies any allegations.

### DEMAND FOR JURY TRIAL

This paragraph sets forth Wi-LAN's request for a jury trial to which no response is required.

### AFFIRMATIVE DEFENSES

Subject to the responses above, Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, Defendant

specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

1. Defendant does not infringe and has not infringed (not directly, contributorily, or by inducement) any claim of the '222 and '802 patents.

2. The claims of the '222 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, and/or 112 of Title 35 of the United States Code.

3. The claims of the '802 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, 112, and/or 251 of Title 35 of the United States Code.

4. The court lacks personal jurisdiction over Defendant.

5. The claims of the patents-in-suit are unenforceable as asserted, in whole or in part, by doctrines of waiver, laches, and/or estoppel.

6. Wi-LAN cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

7. Upon information and belief, Wi-LAN's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

8. Upon information and belief and subject to Wi-LAN's further definition of what specific products are alleged to infringe, one or more of the claims of the '802 patent are barred by intervening rights.

9. One or more of the claims of the '802 patent are invalid under the doctrine of recapture.

10. Wi-LAN's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Wi-LAN is not entitled to a double recovery.

## COUNTERCLAIMS

Defendant, for its Counterclaims against plaintiff and upon information and belief, states as follows:

## THE PARTIES

1. Defendant Best Buy, Co, Inc. ("Defendant") is a Minnesota corporation organized and existing under the laws of the State of Minnesota with its principle place of business in Minnesota.

2. Plaintiff Wi-LAN Inc. ("Wi-LAN") alleges that it is a Canadian corporation with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

## JURISDICTION AND VENUE

3. Subject to Defendant's affirmative defenses and denials, including those concerning Wi-LAN's lack of standing and lack of personal jurisdiction over Defendant, Defendant alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

4. This Court has personal jurisdiction over Wi-LAN.

## FACTUAL BACKGROUND

5. In its Complaint, Wi-LAN asserts that Defendant has infringed U.S. Patent Nos. RE37,802 (the "'802 patent") and 5,282,222 ("the '222 patent").

6. The '802 and '222 patents are invalid and/or have not been and are not infringed by Defendant, directly or indirectly.

7. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '802 and '222 patents.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. Re 37,802

8. Defendant restates and incorporates by reference its allegations in paragraphs 1 through 7 of its Counterclaims.

9. An actual case or controversy exists between Defendant and Wi-LAN as to whether the '802 patent is not infringed by Defendant.

10. A judicial declaration is necessary and appropriate so that Defendant may ascertain its rights regarding the '802 patent.

11. Defendant has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '802 patent.

12. This is an exceptional case under 35 U.S.C. § 285 because Wi-LAN filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. Re 37,802

13. Defendant restates and incorporates by reference its allegations in paragraphs 1 through 12 of its Counterclaims.

14. An actual case or controversy exists between Defendant and Wi-LAN as to whether the '802 patent is invalid.

15. A judicial declaration is necessary and appropriate so that Defendant may ascertain its rights as to whether the '802 patent is invalid.

16. The claims of the '802 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, 112, and/or 251.

17. This is an exceptional case under 35 U.S.C. § 285 because Wi-LAN filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,282,222

18. Defendant restates and incorporates by reference its allegations in paragraphs 1 through 17 of its Counterclaims.

19. An actual case or controversy exists between Defendant and Wi-LAN as to whether the '222 patent is not infringed by Defendant.

20. A judicial declaration is necessary and appropriate so that Defendant may ascertain its rights regarding the '222 patent.

21. Defendant has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '222 patent.

22. This is an exceptional case under 35 U.S.C. § 285 because Wi-LAN filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,282,222

23. Defendant restates and incorporates by reference its allegations in paragraphs 1 through 22 of its Counterclaims.

24. An actual case or controversy exists between Defendant and Wi-LAN as to whether the '222 patent is invalid.

25.  A judicial declaration is necessary and appropriate so that Defendant may ascertain its rights as to whether the '222 patent is invalid.

26.  The claims of the '222 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and/or 112.

27.  This is an exceptional case under 35 U.S.C. § 285 because Wi-LAN filed its Complaint with knowledge of the facts stated in this Counterclaim.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

a.  A judgment dismissing Wi-LAN's complaint against Defendant with prejudice;

b.  A judgment in favor of Defendant on all of its Counterclaims;

c.  A declaration that Defendant has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '222 and '802 patents;

d.  A declaration that the '222 and '802 patents are invalid;

e.  A declaration that this case is exceptional and an award to Defendant of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

f.  A judgment limiting or barring Wi-LAN's ability to enforce the '222 and '802 patents in equity;

g.  Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendant respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  1/25/08                                                    Respectfully submitted,


By: s/Stayton L. Worthington
Stayton L. Worthington
Texas Bar No. 22010200
Coghlan Crowson, LLP
P.O. Box 2665
Longview, Texas 75606
Phone: 903-758-5543  Ext. 202
Fax:     903-753-6989

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
(612) 349-8500 – Telephone
(612) 339-4181 – Facsimile
Emmett J. McMahon (*Pro Hac Vice*)
Sarah E. Hudleston (*Pro Hac Vice*)

Attorneys for Best Buy Co., Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANT BEST BUY CO., INC.'s ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** via the Court's CM/ECF system per Local Rule CV-5(a)(3) .

Date: 1/25/08

                                By: s/Stayton L .Worthington