UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WI-LAN INC.,<br><br>            Plaintiff,<br><br>v.<br><br>ACER, INC., ACER AMERICA CORPORATION, APPLE, INC., DELL, INC. GATEWAY, INC., HEWLETT-PACKARD COMPANY, LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., SONY CORPORATION, SONY CORPORATION OF AMERICA, SONY ELECTRONICS, INC., SONY COMPUTER ENTERTAINMENT AMERICA, INC., TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., BROADCOM CORPORATION, INTEL CORPORATION, ATHEROS COMMUNICATIONS, INC., MARVELL SEMICONDUCTOR, INC., BEST BUY CO., INC., and CIRCUIT CITY STORES, INC.<br><br>            Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2-07CV-473-TJW<br><br>JURY TRIAL REQUESTED |

## BROADCOM CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO WI-LAN INC.'S ORIGINAL COMPLAINT

Defendant Broadcom Corporation ("Broadcom") respectfully submits its Answer, Affirmative Defenses, and Counterclaims in response to Wi-LAN Inc.'s Original Complaint and requests a trial by jury on all issues so triable, as follows:

## I. ANSWER TO WI-LAN INC.'S ORIGINAL COMPLAINT

Plaintiff Wi-LAN Inc. ("Wi-LAN") files this Original Complaint for patent infringement against Defendants Acer, Inc., Acer America Corporation ("Acer"), Apple, Inc. ("Apple"), Dell, Inc. ("Dell"), Gateway, Inc. ("Gateway"), Hewlett-Packard Company ("Hewlett-Packard"), Lenovo Group Ltd., Lenovo (United States) Inc. ("Lenovo"), Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., Sony Computer Entertainment America, Inc.

("Sony"), Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc. ("Toshiba") (collectively "Defendant Suppliers"), Broadcom Corporation ("Broadcom"), Intel Corporation ("Intel"), Atheros Communications, Inc. ("Atheros"), Marvell Semiconductor, Inc. ("Marvell"), Best Buy Co., Inc. ("Best Buy"), and Circuit City Stores, Inc. ("Circuit City"), for infringement of U.S. Patent No, 5,282,222 (the "'222 Patent") and U.S. Patent No. RE37,802 (the "'802 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271.  Copies of the Patents-in-Suit are attached as Exhibits A and B.

**ANSWER:**    Broadcom admits that Wi-Lan Inc. ("Wi-LAN") purports to state a claim for infringement of U.S. Patent No, 5,282,222 (the "'222 Patent") and U.S. Patent No. RE 37,802 (the "'802 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271.  However, Broadcom denies that the Original Complaint properly states such a claim, and specifically denies any wrongdoing or infringement.  Broadcom further states that copies of the Patents-in-Suit are attached to the Original Complaint as Exhibits A and B.  Broadcom denies any and all remaining allegations and/or legal conclusions contained in this Paragraph.

## PARTIES

1.      Plaintiff Wi-LAN Inc. is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

**ANSWER**:    On information and belief, Broadcom admits that Wi-LAN is a Canadian corporation with its principal place of business at 11 Holland Avenue, Suite 608, Ottawa, Ontario, Canada.

2.      Upon information and belief, Defendant Acer, Inc., is a Taiwanese Corporation with its principal place of business at 8F, 88, Sec 1, Hsin Tai Wu Rd., Hsichih 221, Taiwan. Upon information and belief, Defendant Acer America Corporation is a California Corporation with its principal place of business at 2641 Orchard Pkwy., San Jose, CA 95134.  Acer manufactures for sale and/or sells personal computers and/or other Acer-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas.  Upon information and belief, Defendants Acer, Inc. and Acer America Corporation are commonly owned by the same corporate entity and are alter egos and/or agents of one another.  Acer may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER:**    Paragraph 2 does not contain any allegations relating to Broadcom and therefore requires no answer.

2

3.    Upon information and belief, Defendant Apple is a California Corporation with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.  Apple manufactures for sale and/or sells personal computers and/or other Apple-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas.  Apple may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER**:    Paragraph 3 does not contain any allegations relating to Broadcom and therefore requires no answer.

4.    Upon information and belief, Defendant Dell is a Delaware Corporation with its principal place of business at 1 Dell Way, Round Rock, TX 78682-2222.  Dell manufactures for sale and/or sells personal computers and/or other Dell-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas.  Dell may be served with process by serving its registered agent, Corporation Service Company at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

**ANSWER**:    Paragraph 4 does not contain any allegations relating to Broadcom and therefore requires no answer.

5.    Upon information and belief, Defendant Gateway is a Delaware Corporation with its principal place of business at 7565 Irvine Center Dr., Irvine, CA 92618.  Gateway manufactures for sale and/or sells personal computers and/or other Gateway-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas Gateway may be served with process by serving its registered agent, CT Corporation System at 818 West Seventh Street, Los Angeles, California 90017.

**ANSWER**:    Paragraph 5 does not contain any allegations relating to Broadcom and therefore requires no answer.

6.    Upon information and belief, Defendant Hewlett-Packard is a Delaware Corporation with its principal place of business at 300 Hanover St., Palo Alto, CA 94304.  Hewlett-Packard manufactures for sale and/or sells personal computers and/or other Hewlett-Packard-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas.  Hewlett-Packard may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER**:    Paragraph 6 does not contain any allegations relating to Broadcom and therefore requires no answer.

7.     Upon information and belief, Defendant Lenovo Group Ltd. is a Hong Kong Corporation with its principal place of business at 1009 Think Place, Bldg. 500, Box 29, Morrisville, NC 27560.  Upon information and belief, Defendant Lenovo (United States) Inc. is a Delaware Corporation with its principal place of business at 1009 Think Place, Bldg. 500, Box 29, Morrisville, NC 27560.  Lenovo manufactures for sale and/or sells personal computers and/or other Lenovo-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas.  Upon information and belief, Defendants Lenovo Group Ltd. and Lenovo (United States) Inc. of North America are commonly owned by the same corporate entity and are alter egos and/or agents of one another.  Lenovo may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER**:     Paragraph 7 does not contain any allegations relating to Broadcom and therefore requires no answer.

8.     Upon information and belief, Defendant Sony Corporation is a Japanese Corporation with its principal place of business at 7-35 Kitashinagawa 6-Chome Shinagawa-KU, Tokyo 141 Japan.  Upon information and belief, Defendant Sony Corporation of America is a New York Corporation with its principal place of business at 555 Madison Ave. 8th Floor, New York, NY 10022.  Upon information and belief, Defendant Sony Electronics, Inc., is a Delaware Corporation with its principal place of business at 16450 W. Bernardo Dr., San Diego, CA 92127.  Upon information and belief, Defendant Sony Computer Entertainment America, Inc. is a Delaware Corporation with its principal place of business at 919 E. Hillsdale Blvd., Foster City, CA 94404.  Sony manufactures for sale and/or sells personal computers and/or other Sony-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas.  Upon information and belief, Defendants Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., and Sony Computer Entertainment America, Inc. are commonly owned by the same corporate entity and are alter egos and/or agents of one another.  Sony may be served with process by serving its registered agent, Corporation Service Company at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

**ANSWER**:     Paragraph 8 does not contain any allegations relating to Broadcom and therefore requires no answer.

9.     Upon information and belief, Defendant Toshiba Corporation is a Japanese Corporation with its principal place of business at 1-1, Shibaura 1-chrome, Minato-ku, Tokyo 105-8001, Japan.  Upon information and belief, Defendant Toshiba America, Inc. is a Delaware Corporation with its principal place of business at 1251 Avenue of the Americas Suite 4110, New York, NY 10020.  Upon information and belief, Defendant Toshiba America Information Systems, Inc. is a California Corporation with its principal place of business at 9740 Irvine Blvd., Irvine, CA 92618.  Toshiba manufactures for sale and/or sells personal computers and/or other Toshiba-branded products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas.  Upon

information and belief, Defendants Toshiba Corporation, Toshiba America, Inc. and Toshiba America Information Systems, Inc. are commonly owned by the same corporate entity and are alter egos and/or agents of one another. Toshiba may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER**:     Paragraph 9 does not contain any allegations relating to Broadcom and therefore requires no answer.

10.     Upon information and belief, Defendant Broadcom is a California Corporation with its principal place of business at 5300 California Ave., Irvine, CA 92617. Broadcom manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Broadcom may be served with process by serving its registered agent, National Registered Agents, Inc. at 2030 Main Street, Suite 1030, Irvine, California 92614.

**ANSWER**:     Broadcom admits that it is a California corporation with its principal place of business at 5300 California Avenue, Irvine, CA 92617. Broadcom also admits that it may be served with process by serving its registered agent, National Registered Agents, Inc. at 2030 Main Street, Suite 1030, Irvine, California 92614. Without identification of the specific sections and versions of the IEEE 802.11 standards, the second sentence of Paragraph 10 is vague and ambiguous. As a result, Broadcom lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations and/or legal conclusions contained in the second sentence of Paragraph 10. Subject to the foregoing, Broadcom states that it offers products with 802.11 wireless functionality.

11.     Upon information and belief, Defendant Intel is a Delaware Corporation with its principal place of business at 2200 Mission College Blvd., Santa Clara, CA 95054-1549, Intel manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Intel may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER**:     Paragraph 11 does not contain any allegations relating to Broadcom and therefore requires no answer.

12.     Upon information and belief, Defendant Atheros is a Delaware Corporation with its principal place of business at 5480 Great America Pkwy., Santa Clara, CA 95054. Atheros manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Atheros may be served with process by serving its registered agent, LexisNexis Document Solutions, Inc. at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

**ANSWER**:     Paragraph 12 does not contain any allegations relating to Broadcom and therefore requires no answer.

13.     Upon information and belief, Defendant Marvell Semiconductor, Inc. is a California Corporation with its principal place of business at 5488 Marvell Ln., Santa Clara, CA 95054-3606. Marvell manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Marvell may be served with process by serving its registered agent, CT Corporation System, at 818 West Seventh Street, Los Angeles, California 90017.

**ANSWER**:     Paragraph 13 does not contain any allegations relating to Broadcom and therefore requires no answer.

14.     Upon information and belief, Defendant Best Buy is a Minnesota Corporation with its principal place of business at 7601 Penn Ave S., Richfield, MN 55421. Best Buy offers for sale and/or sells one or more of the Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Best Buy may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER**:     Paragraph 14 does not contain any allegations relating to Broadcom and therefore requires no answer.

15.     Upon information and belief, Defendant Circuit City is a Virginia Corporation with its principal place of business at 9950 Mayland Dr., Richmond, VA 23233. Circuit City offers for sale and/or sells one or more of the Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE

802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Circuit City may be served with process by serving its registered agent, Prentice Hall Corporation System, Inc. at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

**ANSWER**:    Paragraph 15 does not contain any allegations relating to Broadcom and therefore requires no answer.

## JURISDICTION AND VENUE

16.    This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

**ANSWER**:    Broadcom admits that Wi-LAN purports to state a claim for patent infringement under 35 U.S.C. § 271.  Broadcom denies that the Original Complaint properly states such a claim, and specifically denies any wrongdoing or infringement.  Broadcom denies any and all remaining allegations and/or legal conclusions contained in Paragraph 16.

17.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**:    Broadcom admits that Wi-LAN purports to base federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Broadcom denies any and all remaining allegations and/or legal conclusions contained in Paragraph 17.

18.    This Court has personal jurisdiction over each Defendant.  Each Defendant has conducted and does conduct business within the State of Texas.  Each Defendant, directly or through intermediaries (including distributors, retailers, and others), imports, ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas.  Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  Each Defendant has committed the tort of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas.

**ANSWER**:    Broadcom admits that it has and does conduct business within the State of Texas.  Broadcom admits that its products have been sold in the United States and in the State of

7

Texas.  Broadcom admits that this Court has jurisdiction over Broadcom.  Broadcom denies any and all remaining allegations and/or legal conclusions in Paragraph 18 directed toward Broadcom, and specifically denies any wrongdoing or infringement.  Broadcom is without sufficient knowledge or information regarding the allegations and/or legal conclusions of Paragraph 18 as directed toward the other defendants, and therefore denies them.

19.    Venue is proper in this Court pursuant to 28 U.S.C.§§1391 and 1400(b).

**ANSWER**:    Broadcom admits that Wi-LAN purports to base venue under 28 U.S.C.§§ 1391 and 1400(b).  Broadcom denies all remaining allegations and/or legal conclusions in Paragraph 19.

## COUNT 1:  PATENT INFRINGEMENT

20.    On January 25, 1994, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '222 Patent, entitled "Method and Apparatus for Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread Spectrum" after a full and fair examination.  Wi-LAN is the assignee of all rights, title, and interest in and to the '222 Patent and possesses all rights of recovery under the '222 Patent, including the right to recover damages for past infringement.

**ANSWER**:    Broadcom admits that the '222 patent is titled "Method and Apparatus for Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread Spectrum."  Broadcom admits that the '222 patent was issued on January 25, 1994.  Broadcom is without sufficient knowledge or information regarding the allegations and/or legal conclusions as to whether "Wi-LAN is the assignee of all rights, title, and interest in and to the '222 Patent and possesses all rights of recovery under the '222 Patent," and therefore denies these allegations and/or legal conclusions.  Broadcom denies all remaining allegations and/or legal conclusions in Paragraph 20.

21.    On July 23, 2002, the USPTO duly and legally issued the '802 Patent, entitled "Multicode Direct Sequence Spread Spectrum" after a full and fair examination.  Wi-LAN is the

assignee of all rights, title, and interest in and to the '802 Patent and possesses all rights of recovery under the '802 Patent, including the right to recover damages for past infringement.'

**ANSWER**:    Broadcom admits that the '802 patent is titled "Multicode Direct Sequence Spread Spectrum."    Broadcom admits that the '802 patent was issued on July 23, 2002. Broadcom is without sufficient knowledge or information regarding the allegations and/or legal conclusions as to whether "Wi-LAN is the assignee of all rights, title, and interest in and to the '802 Patent and possesses all rights of recovery under the '802 Patent," and therefore denies these allegations and/or legal conclusions.    Broadcom denies all remaining allegations and/or legal conclusions in Paragraph 21.

22.    Each of the Patents-in-Suit is valid and enforceable.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 22.

23.    Upon information and belief, Acer has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Acer-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 23.

24.    Upon information and belief, Apple has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Apple-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 24.

25.    Upon information and belief, Dell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Dell-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:     Broadcom denies all allegations and/or legal conclusions in Paragraph 25.

26.     Upon information and belief, Gateway has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Gateway-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:     Broadcom denies all allegations and/or legal conclusions in Paragraph 26.

27.     Upon information and belief, Hewlett-Packard has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Hewlett-Packard-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:     Broadcom denies all allegations and/or legal conclusions in Paragraph 27.

28.     Upon information and belief, Lenovo has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Lenovo-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:     Broadcom denies all allegations and/or legal conclusions in Paragraph 28.

29.     Upon information and belief, Sony has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Sony-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:     Broadcom denies all allegations and/or legal conclusions in Paragraph 29.

30.     Upon information and belief, Toshiba has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other Toshiba-branded products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:     Broadcom denies all allegations and/or legal conclusions in Paragraph 30.

31.    Upon information and belief, Broadcom has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 31,

and specifically denies any wrongdoing or infringement.

32.    Upon information and belief, Intel has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 32.

33.    Upon information and belief, Atheros has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 33.

34.    Upon information and belief, Marvell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 34.

35.    Upon information and belief, Best Buy has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling one or more of the Defendant Suppliers' personal

computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 35.

36.    Upon information and belief, Circuit City has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling one or more of the Defendant Suppliers' personal computers and/or Defendant Suppliers' other accused products with wireless capability compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 36.

37.    Wi-LAN has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from their infringement of the Patents-in-Suit. Wi-LAN will suffer irreparable harm.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 37, and specifically denies any wrongdoing or infringement.

38.    Many of the Defendants have had knowledge of the Patents-in-Suit and have not ceased their infringing activities.  These Defendants' infringement of the Patents-in-Suit has been and continues to be willful and deliberate.  All the Defendants have knowledge of the Patents-in-Suit by way of this complaint and to the extent they do not cease their infringing activities their infringement is and continues to be willful and deliberate.

**ANSWER**:    Broadcom admits that it has knowledge of the Patents-in-Suit by way of this Complaint.  Broadcom is without sufficient knowledge or information regarding the allegations and/or legal conclusions as to whether "[m]any of the Defendants have had knowledge of the Patents-in-Suit," and therefore denies these allegations and/or legal conclusions.  Broadcom is without sufficient knowledge or information regarding the allegations and/or legal conclusions of Paragraph 38 as directed toward the other defendants, and therefore denies them.  Broadcom further denies all remaining allegations and/or legal conclusions in

Paragraph 38 directed toward Broadcom, and specifically denies any wrongdoing or infringement.

39.    Wi-LAN is in compliance with the requirements of 35 U.S.C.§287.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 39.

40.    Defendants, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages in an amount to be determined at trial.

**ANSWER**:    Broadcom denies all allegations and/or legal conclusions in Paragraph 40, and specifically denies any wrongdoing or infringement.

## PRAYER FOR RELIEF

WHEREFORE, Wi-LAN prays for the following relief:

A.    A judgment in favor of Wi-LAN that Defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit;

B.    A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

C.    Award to Wi-LAN the damages to which it is entitled under 35 U.S.C.§284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement;

E.    A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C§285;

F.    Award to Wi-LAN pre-judgment and post-judgment interest on its damages; and

G.    Such other and further relief in law or in equity to which Wi-LAN may be justly entitled.

**ANSWER**:    These Paragraphs set forth the statement of relief requested by Wi-LAN, to which no response is required.  Broadcom denies all allegations and/or legal conclusions in this Paragraph, and specifically denies any wrongdoing or infringement.  Broadcom denies that any conduct on its part subjects Broadcom to any liability for damages or attorneys fees under 35

U.S.C. §§ 284 or 285, and Broadcom further denies that Wi-LAN is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Wi-LAN demands a trial by jury of any and all issues triable of right before a jury.

**ANSWER**:    This Paragraph sets forth Wi-LAN's request for a jury trial to which no response is required.

Broadcom further states that with respect to the allegations and/or legal conclusions contained in the Original Complaint, to the extent that such allegations and/or legal conclusions have not been expressly admitted, Broadcom denies all such allegations and/or legal conclusions.

## II.    AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, Broadcom states as follows:

### A.    FIRST AFFIRMATIVE DEFENSE

41.    Wi-LAN's Original Complaint fails to state a claim upon which relief may be granted.

### B.    SECOND AFFIRMATIVE DEFENSE

42.    The claims of the Patents-in-Suit are invalid pursuant to one or more requirements of 35 U.S.C. § 100 *et seq.*

### C.    THIRD AFFIRMATIVE DEFENSE

43.    Broadcom does not and has not directly infringed, contributed to the infringement, or induced the infringement of any claim of the Patents-in-Suit.

### D.    FOURTH AFFIRMATIVE DEFENSE

44.    Wi-LAN's claims for relief are barred by the doctrines of laches, equitable estoppel, estoppel, waiver, patent misuse, patent exhaustion, first sale, double recovery, and unclean hands.

### E.    FIFTH AFFIRMATIVE DEFENSE

45.    Wi-LAN's claims for any damages purportedly incurred due to the alleged infringement of the '802 patent are barred by the doctrine of intervening rights.

### F.    SIXTH AFFIRMATIVE DEFENSE

46.    The claims of the '802 patent are invalid under the doctrine of recapture.

### G.    SEVENTH AFFIRMATIVE DEFENSE

47.    Wi-LAN is barred from seeking any relief prior to the filing of this action by failing to comply with the notice requirements of 35 U.S.C.§287.

### H.    EIGHTH AFFIRMATIVE DEFENSE

48.    Wi-LAN's claims are barred by the doctrine of promissory estoppel.

### I.    NINTH AFFIRMATIVE DEFENSE

49.    Broadcom and its accused products are licensed, expressly or implicitly.

### J.    TENTH AFFIRMATIVE DEFENSE

50.    Wi-LAN waived any rights to equitable relief under the Patents-In-Suit due to its conduct before the IEEE.

### K.    ELEVENTH AFFIRMATIVE DEFENSE

51.    Wi-LAN cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

WHEREFORE, Broadcom denies that any of its products, services, or processes infringe any valid claim of the Patents-in-Suit, and further denies that Wi-LAN is entitled to any judgment against Broadcom whatsoever. Broadcom asks that Wi-LAN's Original Complaint be dismissed with prejudice, that judgment be entered against Wi-LAN, and that Broadcom be awarded attorneys' fees incurred in defending against Wi-LAN's Original Complaint, together with such other relief that the Court deems appropriate.

## III.    COUNTERCLAIMS

Counter-plaintiff Broadcom hereby states its Counterclaims against Wi-LAN as follows:

### A.    JURISDICTION AND THE PARTIES

52. Broadcom is a California corporation with its principal place of business at 5300 California Avenue, Irvine, CA 92617.

53. According to the allegations in its Original Complaint, Wi-LAN is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

54. Upon information and belief, Wi-LAN does not have any facilities located within the Eastern District of Texas.

55. Upon information and belief, Wi-LAN does not have any employees located within the Eastern District of Texas.

56. Upon information and belief, Wi-LAN does not conduct any research and development within the Eastern District of Texas.

57. Upon information and belief, Wi-LAN has not negotiated any license agreements within the Eastern District of Texas.

58.    This is an action of Declaratory Relief for which this Court has jurisdiction under Title 35 of the United States Code as well as under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

59.    Venue is proper in this District because Wi-LAN has consented to the propriety of venue in this Court by filing the Original Complaint for patent infringement in the Eastern District of Texas, in response to which these Counterclaims are asserted.    This Court has personal jurisdiction over Wi-LAN.

## B.    FIRST COUNTERCLAIM
### [NON-INFRINGEMENT]

60.    Broadcom repeats and re-alleges Paragraphs 52 through 59 above as if fully set forth herein.

61.    By filing its Original Complaint, Wi-LAN has purported to assert claims against Broadcom for the alleged infringement of the Patents-in-Suit.

62.    Broadcom has denied Wi-LAN's claims of infringement and believes that the Original Complaint has been filed without good cause.

63.    An actual controversy has arisen between Broadcom and Wi-LAN concerning the alleged infringement of the Patents-in-Suit.

64.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Broadcom is entitled to judgment from this Court finding that the Patents-in-Suit are not infringed by Broadcom.

## C.    SECOND COUNTERCLAIM
### [INVALIDITY – 35 U.S.C. §§ 100 et seq.]

65.    Broadcom repeats and re-alleges Paragraphs 52 through 59 above as if fully set forth herein.

66.     Broadcom has denied that the claims of the Patents-in-Suit are valid and has asserted that such patent claims are invalid pursuant to 35 U.S.C. § 100 *et seq.*

67.     As a result, Broadcom is entitled to judgment from this Court finding that the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. § 100 *et seq.*

### D.      THIRD COUNTERCLAIM [FRAUD]

68.     Broadcom repeats and re-alleges Paragraphs 52 through 59 above as if fully set forth herein.

### A.      The IEEE's Rules And Policies Regarding Standards

69.     In this action, Wi-LAN has alleged that certain products having wireless capability compliant with the IEEE 802.11 standards infringe the Patents-in-Suit.

70.     The IEEE is a professional association and leading developer of technical standards.  IEEE members include engineers, scientists and allied professionals whose technical interests relate to electrical and computer sciences, engineering and related disciplines.  Members may participate in the standards-setting process in working groups and/or subgroups called task groups.

71.     To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the IEEE's standard-setting process, and to enable the IEEE and its members to develop standards free from potentially blocking patents, the IEEE instituted policies and rules regarding the disclosure and licensing of patents.

72.     At all relevant times alleged herein, the IEEE's rules and policies required fairness and candor with respect to intellectual property.  By way of example only, the IEEE required its members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be

required to implement the proposed IEEE standard against any person or entity using the patents to comply with the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination. For example, the IEEE's Standards Board Bylaws state that "IEEE standards may include the known use of patent(s), including patent applications, if there is technical justification in the opinion of the standards-developing committee and provided the IEEE receives assurance from the patent holder that it will license applicants under reasonable terms and conditions for the purpose of implementing the standard." Additionally, the IEEE's Standards Board Bylaws state that the assurance "shall be a letter that is in the form of either a) A general disclaimer to the effect that the patentee will not enforce any of its present or future patent(s) whose use would be required to implement the proposed IEEE standard against any person or entity using the patent(s) to comply with the standard or b) A statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination."

73.    The IEEE formed the 802.11 working group in 1990. The IEEE 802.11 standard is entitled "Wireless LAN Media Access Control (MAC) and Physical Layer (PHY) Specifications" and concerns wireless local area networking ("wireless LAN").

74.    In 1997, the IEEE formed two task groups: the 802.11a and 802.11b task groups. The 802.11a task group was concerned with a standard for wireless LAN in the 5 GHz frequency band. The 802.11b task group was concerned with a standard for wireless LAN in the 2.4 GHz frequency band.

75.     Members of the IEEE participating in the standards-setting process for 802.11a and 802.11b included Wi-LAN.  As a result of its membership in the IEEE, Wi-LAN agreed, both explicitly and implicitly, that it would abide by the rules and policies of the IEEE.

**B.    Wi-LAN's Bad Faith Misrepresentations And Omissions**

76.     On July 6-11, 1998, the 802.11 working group met in La Jolla, California in connection with the standards-setting process.

77.     Wi-LAN's president and CEO, Hatim Zaghloul, and Vice President of Engineering, Steven Knudsen, attended the July 1998 802.11 meeting in La Jolla.

78.     Numerous proposals had been submitted to the 802.11b task group for consideration prior to the July 1998 meeting in La Jolla, including proposals from Alantro Communications ("Alantro"), Micrilor Inc. ("Micrilor"), Raytheon, KDD, Golden Bridge Technology, Harris Semiconductor ("Harris"), and Lucent Technologies ("Lucent").

79.     On the first day of the 802.11 meeting, July 6, 1998, Harris and Lucent submitted a joint proposal (the "Harris/Lucent Proposal") to the 802.11b task group.

80.     On July 7, 1998, Alantro, Micrilor, Harris and Lucent presented their proposals to members of the 802.11b task group.

81.     On July 7, 1998, Wi-LAN submitted a letter to the chairman of the 802.11 working group offering to license its patents on fair, reasonable and non-discriminatory terms and conditions with respect to 802.11b.

82.     On July 9, 1998, the 802.11b task group voted in favor of pursuing the Harris/Lucent Proposal, and decided not to pursue other proposals.  For example, the 802.11b task group also considered proposals submitted by Alantro and Micrilor.  The task group could also have decided not to pursue any of the pending proposals.

83.    After the 802.11b task group voted to pursue the Harris/Lucent Proposal, it then recommended the Harris/Lucent Proposal to the 802.11 working group as the base for the 802.11b standard. The 802.11 working group accepted the 802.11b task group's recommendation.

84.    The IEEE 802.11 working group met again in September 1998 in Westford, Massachusetts.

85.    On September 10, 1998, four days before the September 1998 802.11 meeting, Wi-LAN filed an application to reissue U.S. Patent No. 5,555,268 ("the '268 patent"). This patent application (hereinafter, the "Reissue Application") later issued as the '802 patent. In prosecuting the Reissue Application, Wi-LAN submitted claims which Wi-LAN alleges are infringed by certain products having wireless capability compliant with the IEEE 802.11 standards.

86.    On September 14, 1998, after filing the Reissue Application, Wi-LAN submitted a letter to the chairman of the 802.11 working group stating that Wi-LAN believed that the then-pending Reissue Application was not necessary to the practice of 802.11b. Wi-LAN's letter stated that "Wi-LAN Inc. hereby withdraws its previous IP statement dated July 9, 1998 to the extent that it implied that Wi-LAN existing US patent on multicode technology, US patent # 5,555,268, or another pending patent are necessary for the implementation of devices incorporating the IEEE802.11b draft standard."

87.    The IEEE 802.11 working group met again in November 1998 in Albuquerque, New Mexico. Wi-LAN's president and CEO, Mr. Zaghloul, and Vice President of Engineering, Mr. Knudsen, attended the November 1998 meeting in Albuquerque, New Mexico. In particular, Mr. Zaghloul attended a meeting of the 802.11b task group at the November 1998 Albuquerque

802.11 meeting.  With Mr. Zaghloul in attendance at that meeting, the 802.11b task group addressed Wi-LAN's September 14, 1998 letter.  At the meeting, Wi-LAN continued to represent that it believed that the Reissue Application was not necessary to the practice of 802.11b.  The meeting minutes for the 802.11b task group state "270 - r1 WLAN IP statement (They no longer feel that they have any IP related to standard)."  Based on Wi-LAN's assertions, the 802.11b task group confirmed that it "no longer feel[s] that WiLAN IP position applies to the proposed 802.11b standard."

88.    At all relevant times, Wi-LAN intentionally and in bad faith failed to inform the IEEE that Wi-LAN had filed the Reissue Application, or of its contents, or that Wi-LAN intended to assert its patents in bad faith against the 802.11b standard, without offering licenses on fair, reasonable and non-discriminatory terms.

### C.    Wi-LAN's Letters Of Assurance Regarding 802.11a And 802.11g

89.    On July 7, 1998, Wi-LAN submitted a letter to the chair of the IEEE 802.11 working group referencing the "Standards Recommendation Relating to Technology Being Proposed by Lucent Technologies and NTT for Inclusion in the IEEE P802.11a (OFDM) Standards Project" in the subject line and confirming that it was "prepared to license its existing patents directed to and necessary for the practice of the referenced OFDM Technology, if Lucent and NTT's proposal is adopted by the IEEE, on fair, reasonable and non-discriminatory terms and conditions."  The 802.11 working group adopted the referenced proposal.

90.    On November 9, 1998, Wi-LAN submitted a letter of assurance referencing the "Standards Recommendation Relating to the IEEE P802.11a (OFDM) Draft Standards" in the subject line and confirming that it was "prepared to license its existing and future patents directed to and necessary for the practice of the referenced OFDM Technology, if the IEEE

802.11a Draft Standard is adopted by the IEEE, on fair, reasonable and non-discriminatory terms and conditions." The 802.11 working group adopted the referenced standard.

91.    On November 29, 2000, Wi-LAN submitted a letter of assurance referencing the "Standards Recommendation Relating to the IEEE P802.11b Task Group G (OFDM) Draft Standards" in the subject line and confirming that it was "prepared to license its existing and future patents directed to and necessary for the practice of the referenced OFDM Technology, if the IEEE 802.11b Task Group G Draft Standard is adopted by the IEEE, on fair, reasonable and non-discriminatory terms and conditions."

92.    Wi-LAN, intentionally and in bad faith, failed to offer licenses on fair, reasonable and non-discriminatory terms, and instead is pursuing excessive royalties and injunctive relief in litigation.

93.    Wi-LAN intentionally and knowingly made material misrepresentations and/or omissions to the IEEE, its members, others relying on 802.11 including defendants in this action, and the public, including, as alleged herein, misrepresentations and/or omissions regarding its alleged patents and/or patent applications. Wi-LAN had a duty to disclose facts regarding its alleged intellectual property, including as a result of its representations to the IEEE, as alleged herein.

94.    Wi-LAN's misrepresentations and/or omissions were knowingly false and made in bad faith with the intent to induce reliance.

95.    The IEEE and its members, including Broadcom, reasonably relied on the foregoing misrepresentations and/or omissions in adopting 802.11 standards. Broadcom further relied on the foregoing misrepresentations and/or omissions, and/or the 802.11 standards, in

investing substantial resources in developing and marketing products accused of alleged infringement in this action.

96.    The foregoing actions and conduct by Wi-LAN have damaged and continue to damage Broadcom.  Wi-LAN's conduct was malicious and willful, and Broadcom is entitled to punitive damages.

### E.    FOURTH COUNTERCLAIM
### [CONSTRUCTIVE FRAUD]

97.    Broadcom repeats and re-alleges Paragraphs 52 through 59 and 69 through 96 as if fully set forth herein.

98.    Wi-LAN intentionally and knowingly made material misrepresentations and/or omissions to the IEEE, including, as alleged herein, misrepresentations and/or omissions regarding its alleged patents and/or patent applications.  Wi-LAN had a duty to disclose facts regarding its alleged intellectual property, including as a result of its representations to the IEEE, as alleged herein.

99.    Wi-LAN's misrepresentations and/or omissions were knowingly false and made in bad faith with the intent to induce reliance.

100.    The IEEE and its members, including Broadcom, reasonably relied on the foregoing misrepresentations and/or omissions in adopting the 802.11 standards.  Broadcom further relied on the foregoing misrepresentations and/or omissions, and/or the 802.11 standards, in investing substantial resources in developing and marketing products accused of alleged infringement in this action.

101.    The foregoing actions and conduct by Wi-LAN have damaged and continue to damage Broadcom.  Wi-LAN's conduct was malicious and willful, and Broadcom is entitled to punitive damages.

## F.    FIFTH COUNTERCLAIM
## [NEGLIGENT MISREPRESENTATION]

102.    Broadcom repeats and re-alleges Paragraphs 52 through 59 and 69 through 101 as if fully set forth herein.

103.    Wi-LAN made material misrepresentations and/or omissions without reasonable belief as to their truth, including, as alleged herein, misrepresentations and/or omissions regarding its alleged patents and/or patent applications.  Wi-LAN had a duty to disclose facts regarding its alleged intellectual property, including as a result of its representations to the IEEE, as alleged herein.

104.    Wi-LAN's misrepresentations and/or omissions were false and made with the intent to induce reliance.

105.    The IEEE and its members, including Broadcom, reasonably relied on the foregoing misrepresentations and/or omissions in adopting 802.11 standards.  Broadcom further relied on the foregoing misrepresentations and/or omissions, and/or the 802.11 standards, in investing substantial resources in developing and marketing products accused of alleged infringement in this action.

106.    The foregoing actions and conduct by Wi-LAN have damaged and continue to damage Broadcom.

## G.    SIXTH COUNTERCLAIM
## [PROMISSORY ESTOPPEL]

107.    Broadcom repeats and re-alleges Paragraphs 52 through 59 and 69 through 106 as if fully set forth herein.

108.    Wi-LAN made representations and engaged in other conduct, including Wi-LAN's representations that it did not have intellectual property necessary to practice 802.11b,

and that it would license its existing and future patents relating to 802.11a and 802.11g on fair, reasonable and non-discriminatory terms and conditions.

109.    Wi-LAN's representations and other conduct constituted promises to the IEEE and its members, including Broadcom.  By making those promises, Wi-LAN knew or reasonably should have known that they would be relied upon.

110.    The IEEE and its members, including Broadcom, reasonably relied on the foregoing promises in adopting 802.11 standards.  Broadcom further reasonably relied on the foregoing promises, and/or the 802.11 standards, in investing substantial resources in developing and marketing products accused of alleged infringement in this action.

111.    Broadcom has been damaged as a result of its reasonable reliance as alleged herein, in developing and marketing products that have been accused by Wi-LAN of alleged infringement.  Injustice can be avoided only by enforcement of Wi-LAN's promises.

## H.    SEVENTH COUNTERCLAIM
## [BREACH OF CONTRACT]

112.    Broadcom repeats and re-alleges Paragraphs 52 through 59 and 69 through 111 as if fully set forth herein.

113.    For consideration, including IEEE membership and participation, Wi-LAN entered into an express and/or implied contract with the IEEE's members, or alternatively, with the IEEE to which IEEE members and others are third-party beneficiaries, in which Wi-LAN agreed, among other things, to abide by the IEEE's policies and rules.  The IEEE rules and policies, whether formal or informal, including all stipulations, requirements and representations in any form, constitute a contract between Wi-LAN and the IEEE's members, or alternatively between Wi-LAN and the IEEE, to which IEEE members and others are third-party beneficiaries.

114.    In accordance with the foregoing, the IEEE's rules and policies require its members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents to comply with the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.

115.    Furthermore, Wi-LAN's representations and other conduct, including the letters of assurance offering licenses on fair, reasonable and non-discriminatory terms, created express and/or implied contracts with the IEEE and its members, or alternatively between Wi-LAN and the IEEE, to which IEEE members and others are third-party beneficiaries.

116.    Wi-LAN breached its contractual obligations, including by failing to offer licenses for the '802 and '222 patents on fair, reasonable and non-discriminatory terms, by seeking to enjoin Broadcom from making and selling 802.11 compliant products, and through misrepresentations and/or omissions regarding its patents and/or patent applications.

117.    Broadcom has incurred damages, and will be further damaged in the future due to Wi-LAN's breach of its contractual obligations.

## I.    EIGHTH COUNTERCLAIM

118.    Broadcom repeats and re-alleges Paragraphs 52 through 59 and 69 through 117 as if fully set forth herein.

119.    Broadcom has denied that the claims of the Patents-in-Suit are enforceable and has asserted that such patent claims are unenforceable pursuant to the doctrines of waiver, equitable estoppel, estoppel, patent misuse, and unclean hands.

120.     As a result, Broadcom is entitled to judgment from this Court finding that the claims of the Patents-in-Suit are unenforceable.

WHEREFORE, Broadcom prays for relief as follows:

A.     For a declaratory judgment that the Patents-in-Suit, and each and every asserted claim thereof, be declared not infringed;

B.     For a declaratory judgment that the claims of the Patents-in-Suit be declared invalid;

C.     For a declaratory judgment that the claims of the Patents-in-Suit be declared unenforceable;

D.     For a judgment in favor of Broadcom on all of its Counterclaims;

E.     That pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and/or other applicable authority, Wi-LAN be ordered to pay all of Broadcom's reasonable attorneys' fees in this action; and

F.     That Broadcom be awarded such other relief as the Court shall deem just and reasonable.

## **DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38 and Local Rule CV-38, Broadcom respectfully requests a jury trial of all issues triable to a jury in this action.

DATED:  January 25, 2008

Respectfully submitted,

SIEBMAN, REYNOLDS, BURG
    & PHILLIPS, L.L.P.


By:  /s/ Clyde M. Siebman
      Texas State Bar No. 18341600
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas  75090
(903) 870-0070
(903) 870-0066 Telefax
siebman@siebman.com

ATTORNEY FOR DEFENDANT
BROADCOM CORPORATION


## CERTIFICATE OF SERVICE


The undersigned certifies that on this 25th day of January, 2008, all counsel of record who

are deemed to have consented to electronic service are being served with a copy of this document

through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record

will be served by a facsimile transmission and/or first class mail.


/s/ Clyde M. Siebman
Clyde M. Siebman