IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WI-LAN INC., <br><br>     Plaintiff, <br><br>     v. <br><br> ACER, INC., ET AL., <br><br>     Defendants. | Civil Action No. 2:07-CV-473-TJW <br><br> **Jury Trial Demanded** |

### MARVELL SEMICONDUCTOR, INC.'S ANSWER AND COUNTERCLAIMS TO WI-LAN INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Marvell Semiconductor, Inc. ("Marvell") responds to the Original Complaint for Patent Infringement of Plaintiff Wi-LAN Inc. ("Wi-LAN") as follows:

### ANSWER

1. On information and belief, Marvell admits that Wi-LAN is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

2. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 2, and, therefore, denies those allegations.

3. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 3, and, therefore, denies those allegations.

4. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 4, and, therefore, denies those allegations.

5. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 5, and, therefore, denies those allegations.

6. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 6, and, therefore, denies those allegations.

7. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 7, and, therefore, denies those allegations.

8. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 8, and, therefore, denies those allegations.

9. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 9, and, therefore, denies those allegations.

10. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 10, and, therefore, denies those allegations.

11. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 11, and, therefore, denies those allegations.

12. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 12, and, therefore, denies those allegations.

13. Marvell admits that it is a California Corporation with its principal place of business at 5488 Marvell Lane, Santa Clara, CA 95054-3606. Marvell also admits that it may be served with process by serving its registered agent, CT Corporation System, at 818 West Seventh Street, Los Angeles, California 90017. Except as expressly admitted, Marvell denies the remaining allegations of paragraph 13.

14. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 14, and, therefore, denies those allegations.

15. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 15, and, therefore, denies those allegations.

16. Marvell admits the allegations of paragraph 16.

17. Marvell admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. Marvell admits for purposes of this action only that this Court has personal jurisdiction as to Marvell.  Marvell denies that it has committed the tort of patent infringement within the State of Texas or within the Eastern District of Texas or elsewhere.  Except as expressly admitted, Marvell denies the remaining allegations of paragraph 18 that relate to Marvell.  Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 18 that relate to other defendants, and, therefore, denies those allegations.

19. Marvell admits for purposes of this action only that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

20. Marvell admits that U.S. Patent No. 5,282,222 ("the '222 patent") bears an issue date of January 25, 1994, and is entitled "Method and Apparatus for Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread Spectrum."  Marvell denies that the '222 patent was duly and legally issued.  Marvell lacks sufficient knowledge or belief to admit or deny the remaining allegations of paragraph 20, and, therefore, denies those allegations.

21. Marvell admits that U.S. Patent No. RE37,802 ("the '802 patent") bears an issue date of July 23, 2002, and is entitled "Multicode Direct Sequence Spread Spectrum."  Marvell denies that the '802 patent was duly and legally issued.  Marvell lacks sufficient knowledge or belief to admit or deny the remaining allegations of paragraph 21, and, therefore, denies those allegations.

22. Marvell denies the allegations of paragraph 22.

23. To the extent that the allegations of paragraph 23 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 23 relate to non-Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

24. To the extent that the allegations of paragraph 24 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 24 relate to non-Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

25. To the extent that the allegations of paragraph 25 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 25 relate to non-Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

26. To the extent that the allegations of paragraph 26 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 26 relate to non-Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

27. To the extent that the allegations of paragraph 27 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 27 relate to non-Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

28. To the extent that the allegations of paragraph 28 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 28 relate to non-

Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

29. To the extent that the allegations of paragraph 29 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 29 relate to non-Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

30. To the extent that the allegations of paragraph 30 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 30 relate to non-Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

31. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 31, and, therefore, denies those allegations.

32. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 32, and, therefore, denies those allegations.

33. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 33, and, therefore, denies those allegations.

34. Marvell denies the allegations in paragraph 34.

35. To the extent that the allegations of paragraph 35 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 35 relate to non-Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

36. To the extent that the allegations of paragraph 36 relate to Marvell products, Marvell denies those allegations. To the extent that the allegations of paragraph 36 relate to non-

Marvell products, Marvell lacks sufficient knowledge or belief to admit or deny those allegations, and, therefore, denies those allegations.

37. Marvell denies the allegations of paragraph 37 that relate to Marvell. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 37 that relate to other defendants, and, therefore, denies those allegations.

38. Marvell denies the allegations of paragraph 38 that relate to Marvell. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 38 that relate to other defendants, and, therefore, denies those allegations.

39. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 39, and, therefore, denies those allegations.

40. Marvell denies the allegations of paragraph 40 that relate to Marvell and denies causing Wi-LAN to suffer any damages. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of paragraph 40 that relate to other defendants, and, therefore, denies those allegations.

## PLAINTIFF'S PRAYER FOR RELIEF

Marvell denies the allegations of Wi-LAN's Prayer for Relief against Marvell and denies that Wi-LAN is entitled to any relief whatsoever with respect to Marvell. Marvell lacks sufficient knowledge or belief to admit or deny the allegations of Wi-LAN's Prayer for Relief that relate to other defendants, and, therefore, denies those allegations.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Marvell acknowledges that Wi-LAN has demanded a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

41. Marvell's accused products do not and have not infringed (either directly, contributorily, or by inducement) any claim of the '222 patent or the '802 patent (collectively "the patents-in-suit").

### SECOND AFFIRMATIVE DEFENSE

42. One or more asserted claims of the patents-in-suit are invalid because they fail to comply with the requirements 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, 112 and/or 116.

### THIRD AFFIRMATIVE DEFENSE

43. Wi-LAN's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

44. Wi-LAN's claims are barred by the doctrine of prosecution history estoppel based on statements, representations and admissions made during prosecution of the patent applications resulting in the patents-in-suit.

### FIFTH AFFIRMATIVE DEFENSE

45. Wi-LAN's claims for damages are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

### SIXTH AFFIRMATIVE DEFENSE

46. Wi-LAN's claim for injunctive relief is barred because there exists an adequate remedy at law and Wi-LAN's claims otherwise fail to meet the requirements for such relief.

## MARVELL'S COUNTERCLAIM FOR DECLARATORY RELIEF

Marvell asserts the following counterclaim for declaratory relief against Wi-LAN:

## PARTIES

47. Marvell is a California corporation, with its principal place of business located at 5488 Marvell Lane, Santa Clara, CA 95054.

48. On information and belief, Wi-LAN is a Canadian corporation, with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

## JURISDICTION AND VENUE

49. This counterclaim for a declaratory judgment arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 101 *et seq*. This Court also has personal jurisdiction over Wi-LAN because, among other reasons, Wi-LAN submitted itself to the jurisdiction of this Court by bringing its complaint for infringement of the patents-in-suit in this Court.

50. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Wi-LAN has brought its complaint for infringement of the patents-in-suit in this Court.

## COUNT I:

## DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

51. An actual and justiciable controversy exists between Marvell and Wi-LAN as to the non-infringement of the patents-in-suit, as evidenced by Wi-LAN's Complaint and Marvell's Answer to that Complaint, set forth above.

52. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Marvell requests a declaration of the Court that Marvell's accused products do not infringe and have not infringed any valid claim of the patents-in-suit.

## COUNT II:

## DECLARATORY RELIEF REGARDING INVALIDITY

53. An actual and justiciable controversy exists between Marvell and Wi-LAN as to the invalidity of the patents-in-suit, as evidenced by Wi-LAN's Complaint and Marvell's Answer to that Complaint, set forth above.

54. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Marvell requests a declaration of the Court that the patents-in-suit are invalid.

WHEREFORE, Marvell prays for judgment as follows:

1. That Wi-LAN take nothing by its Complaint;

2. That Wi-LAN's Complaint be dismissed with prejudice;

3. That the Court enter a declaration that Marvell's accused products do not infringe and have not infringed, directly or indirectly, any valid claim of the patents-in-suit;

4. That the Court declare that the patents-in-suit are invalid;

5. That this case be declared exceptional and Marvell be awarded its costs, expenses and reasonable attorney fees in this action pursuant 35 U.S.C. § 285; and

6. That Marvell be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Defendant Marvell Semiconductor, Inc. hereby demands a jury trial as to all issues triable by jury.

Date: January 25, 2008                    Respectfully submitted,

                                          */s/ Jennifer Parker Ainsworth*
                                          Jennifer Parker Ainsworth
                                          State Bar No. 00784720
                                          WILSON, ROBERTSON & CORNELIUS, P.C.
                                          P.O. Box 7339
                                          Tyler, Texas 75711
                                          (903) 509-5000
                                          (903) 509-5092 (facsimile)
                                          jainsworth@wilsonlawfirm.com

                                          ATTORNEYS FOR DEFENDANT
                                          MARVELL SEMICONDUCTOR, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 25th day of January, 2008.

                                          */s/ Jennifer P. Ainsworth*
                                          Jennifer P. Ainsworth