IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WI-LAN INC. | § | CIVIL ACTION NO. 2:07-CV-473 [TJW] |
| | § | |
| v. | § | |
| | § | **Consolidated with:** |
| ACER, INC., et al. | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:07-CV-474 [TJW] |
| WI-LAN INC. | § | |
| | § | |
| v. | § | **Jury Trial Requested** |
| | § | |
| WESTELL TECHNOLOGIES, INC., et al. | § | |

___

**PLAINTIFF WI-LAN INC.'S MOTION FOR LEAVE TO FILE A
MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS OF M. RAY
PERRYMAN AND W. CHRISTOPHER BAKEWELL AND
PRECLUDE EXPERT TESTIMONY**
___

Plaintiff Wi-LAN, Inc. respectfully moves for leave, *nunc pro tunc*, to file its Motion to Strike Portions of the Expert Reports of M. Ray Perryman and W. Christopher Bakewell and Preclude Expert Testimony ("Motion to Strike") (D.I. 1047). The Court previously issued an order, upon joint motion by the parties, providing that Defendants' rebuttal damages reports were to be served on December 20, 2010 (D.I. 868 ¶ 1) and setting "[t]he deadline to file motions to strike expert testimony and/or *Daubert* motions relating to issues addressed in Defendants' rebuttal damages report(s)" as December 23, 2010 (*id.* ¶ 5). The Court later, upon motion by the parties, extended the deadline for Defendants' service of rebuttal damages reports to December 23, 2010, but that order did not specify a deadline for any corresponding motions to strike to be filed. (D.I. 937.)

1

Having received Defendants' six rebuttal damages reports on December 23 and December 24, 2010, it was not possible for Wi-LAN to file the Motion to Strike by the December 23, 2010 deadline.  Despite the impossibility of Wi-LAN's filing the Motion to Strike rebuttal expert reports *before* they had all been served, Defendants have indicated that they oppose this motion because they believe the Motion to Strike is untimely.  After Defendants served the last of their six rebuttal expert reports on Christmas Eve, Wi-LAN worked diligently to prepare the Motion to Strike, but a number of factors delayed its filing until the second week of January, including the following: (1) the number and size of Defendants' rebuttal damages reports, which total more than 1,200 pages combined; (2) several intervening holidays; (3) preparation for jury selection and trial, which was to begin on January 4, 2011 (D.I. 756) and was not continued until the Court's December 30, 2010 order (D.I. 987); and (4) the deposition of Wi-LAN's damages expert Professor David Teece on January 5 and 6, 2011.

Notwithstanding the number and size of Defendants' rebuttal damages reports, Wi-LAN's Motion to Strike is narrowly focused on one issue: Defendants' inclusion of untimely, sur-rebuttal opinions on matters for which Defendants bear the burden of proof on their counter-claims.  Any affirmative expert reports were required to be served no later than November 9, 2010.  (D.I. 790 ¶ 1.)[1]  Good cause therefore exists for Wi-LAN to file the Motion to Strike, and Wi-LAN respectfully submits that the Court should grant this motion.

---

[1] Defendants have also indicated that they oppose this motion because they withdrew their motion to strike Wi-LAN's December 9, 2010 rebuttal expert report on RAND issues on grounds of timeliness.  This objection is baseless.  Wi-LAN's December 9, 2010 rebuttal expert report was timely.  (D.I. 859 ¶ 3.)

Date: January 21, 2010    Respectfully submitted,

By:/s/ *Sam F. Baxter*
Sam F. Baxter
TX State Bar No. 01938000
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas  75670
(903) 923-9000
(903) 923-9099 FAX
sbaxter@mckoolsmith.com

Robert A. Cote
NY State Bar No. 2331957
**MCKOOL SMITH P.C.**
One Bryant Park, Suite 740
New York, New York  10036
(212) 402-9400
(212) 402-9444 FAX
rcote@mckoolsmith.com

**ATTORNEYS FOR PLAINTIFF WI-LAN INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Kristi Thomas*
Kristi Thomas

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Wi-LAN have complied with the meet and confer requirement in Local Rule CV-7. This motion is opposed. The parties met and conferred on January 20, 2011. The conference was attended by Kristi Thomas on behalf of Wi-LAN and Guy Ruttenberg on behalf of Defendants. During this conference, counsel for Wi-LAN and Defendants attempted to resolve all disputes before the filing of this motion. However, no agreement could be reached. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ *Kristi Thomas*
Kristi Thomas